STATE, Plaintiff, vs. WALTERS, Defendant.

*April 6—April 30, 1929.*

For the plaintiff there was a brief by *W. B. Murat*, district attorney of Portage county, *George B. Nelson* of Stevens Point, special counsel, the *Attorney General*, and *J. E. Messerschmidt*, assistant attorney general; and the cause was argued orally by *Mr. Nelson*.

For the defendant there was a brief by *Fisher & Cashin* of Stevens Point, attorneys, and *C. B. Bird* of Wausau, of counsel, and oral argument by *W. E. Fisher*.

CROWNHART, J. The answer to the question is "Yes." The language of the statute is not difficult of construction. If the death of the child or of the mother results from an illegal abortion, the offense is manslaughter in the second degree. In this case the question concerns the death of the mother.

It is contended by the defendant that "child" refers only to a "quick" child, as defined by the common law, and that

unless the mother was pregnant with a quick child, the death of the mother resulting from an illegal abortion is punishable only under sec. 351.22, Stats.

Sec. 340.16, Stats., was construed by this court in *State v. Dickinson*, 41 Wis. 299, and that case has not been overruled or modified. In *Foster v. State*, 182 Wis. 298, 196 N. W. 233, we held that where the prosecution was for the death of the child, the child had to be quickened, on the ground that there could be no death of a child not yet alive. The reasoning in that opinion by Chief Justice VINJE we think sound and convincing. But no such reason applies in the case of the death of the mother, and the court did not further limit the statute. On the contrary, the opinion in the *Foster Case, supra,* affirmed the *Dickinson Case.* We there said:

"In *State v. Dickinson*, 41 Wis. 299, the court had before it a case where the death of the pregnant mother was produced, and the statement that 'it is not material whether the pregnant woman be quick with child or not,' was correct under the facts there existing. . . . The legislature saw fit to enact sec. 4583, a law making it an offense to produce a criminal miscarriage. It also made it a graver offense by sec. 4352 to produce a criminal abortion resulting in the death of a quick child or of its mother. Both the quick child and the mother are human beings—hence to unlawfully kill either constitutes manslaughter."

The law is settled in this state, and it is unnecessary to consider cases in other jurisdictions.

*By the Court.*—So ordered.